IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | 11:03 am, 5/6/11 |
| CASPER ARMS, INC., ) | Case No. 10-20452 |
| ) | Chapter 7 |
| Debtor. ) | |

FILED

11:03 am, 5/6/11

Tim J. Ellis
Clerk of Court

## OPINION GRANTING INVOLUNTARY CHAPTER 7 PETITION

On March 2, 2011 this matter came before the court for an evidentiary hearing on the Involuntary Petition. The court having reviewed the record, testimony and evidence shall grant the involuntary petition.

**Jurisdiction**

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a).[1] This is a core proceeding under 28 U.S.C. § 157(b)(2). Petitioning creditors bring this action under 11 U.S.C. § 303.

**Discussion**

The involuntary petition was filed on April 26, 2010 against Casper Arms, Inc. ("Casper Arms") by three creditors: Robin Dale Ekler ("Ekler"), Adam Webber ("Webber") and Mounting Solutions Plus ("MSP") (collectively known as the

---

[1] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

"Petitioning Creditors").[2]

An involuntary bankruptcy case is commenced against a person with 12 or more creditors by,

> "three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount...if such noncontingent, undisputed claims aggregate at least $14,425[3] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims."[4]

For creditors to successfully petition for involuntary bankruptcy, the bankruptcy court must determine that: (1) the creditors have standing; and, (2) that the debtor generally has not been paying his debts as they become due.[5] A petitioning creditor does not have standing if its debt is subject to a bona fide dispute. In the Tenth Circuit, a bona fide dispute is defined as "whether there is an objective basis for either a factual or legal

---

[2] The petition for involuntary bankruptcy listed the following three creditors and claim amounts:

| Name | Principal Amount | Nature of Claim |
|---|---|---|
| Robin Dale Elker | $184,115.33 | Loan |
| Mounting Solutions Plus | $8,709.00 | Sales of Products |
| Adam Webber | $9,000.00 | Purchase of Gun |

[3] The dollar amount represents an adjustment made pursuant to 11 U.S.C. §104 on April 1, 2010, which applies with respect to cases commenced on or after April 1, 2010. The Petitioning Creditors pled the incorrect amount. For the purpose of considering the standing of petitioning creditors the court uses the dollar amount shown.

[4] §303(b)(1).

[5] *Bartmann v. Marverick Tube Corp. et al.*, 853 F.2d (10th Cir. 1988).

Page 2

dispute as to the validity of the debt. The bankruptcy court does not determine the probable outcome of the dispute, but merely whether one exists."[6]

If the court determines that three qualified creditors have petitioned for involuntary bankruptcy, it must then determine whether the creditors have met their burden of proof that the debtors are not paying their debts as they come due.[7] In determining whether the creditors met this burden, the bankruptcy court should examine the totality of the circumstances, balancing the interest of the debtor with those of the creditors.

1. <u>Determination of standing</u>

   a. <u>The status of Robin Dale Ekler ("Ekler") as a petitioning creditor.</u>

Mr. Ekler petitioned as an unpaid creditor based upon the results of the dissolution the marriage between Margaret Ekler Munson ("Munson") and Ekler. During the time that Munson and Ekler were married, Casper Arms was formed as a Wyoming corporation owned by Munson. Mr. Ekler assisted in the purchase of the assets by: (1) monetary contributions; (2) loans in the amount of $184,115.33; and (3), the couples' residence was used as collateral for a loan in the amount of $62,000.00 from First Interstate Bank. Additionally, Mr. Ekler asserts that he paid various credit card debt that was in the name of Casper Arms. As he was the guarantor on the credit cards, it was necessary for him to pay the debts to preserve his credit rating. Mr. Ekler testified that he

---

[6] *Bartmann* at 1544.

[7] §303 (h)(1).

paid $7,500.00 in credit card debt that he claims as an additional claim against the Casper Arms. Evidence presented at the hearing shows that Casper Arms' financial statement entitled "Casper Arms, Inc. Grouping Schedule Report," as of December 31, 2001, lists a liability "Payable to Robin Ekler" in the amount of $184,115.33. Mr. Ekler testified that he received theses funds from inheritances, distributed to him and subsequently invested into Casper Arms. Ms. Munson did not provide testimony controverting Mr. Ekler's claim. Without taking into consideration the other alleged debts owed to Ekler, the court finds that based upon the evidence and testimony, Mr. Ekler has an undisputed, non-contingent claim of $184,115.33 against Casper Arms and meets the requirement for standing.

  b. <u>The status of Mounting Solutions Plus as a petitioning creditor</u>.

The Petitioning Creditors allege that Casper Arms owes MSP the amount of $8,709.00. Ms. Munson testified and conceded that Casper Arms owes MSP a sum of $8,000.00 and that she has not paid the creditor.

  c. <u>The status of Adam Webber as a petitioning creditor</u>.

Ms. Munson conceded that Casper Arms received $9,000.00 from Webber which was deposited into the Casper Arms bank account. The funds were for the purchase of a firearm. The firearm has not been delivered to Webber, nor the funds returned. Mr. Webber meets the standing requirement.

In conclusion, the court finds that the "three-petitioning-creditor rule" has been

met. The Petitioning Creditors have standing to pursue the involuntary bankruptcy.

2.  <u>The requirement of a finding of insolvency under §303(h)(1).</u>

After the court determines the standing issue, it must then determine if the debtor is paying its debts as they become due. Ms. Munson testified that she does not have the funds to pay rent, utilities or credit card bills for Casper Arms. Based on Ms. Munson's own testimony, the court finds that Casper Arms is not paying its debts as they become due.

**Conclusion**

It is the court's conclusion that there are three qualified petitioning creditors, Ekler, Webber and MSP, with an aggregate debt of at least $201,115.33. This is well above the required amount of $14,425.00. Additionally, the court finds that Casper Arms is not paying its debts as they become due. Therefore the court concludes that the involuntary petition shall be granted and an order for relief entered.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this ____ day of May, 2011.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
All on the matrix